John M. Kim (Bar No. 188997)
jkim@ipla.com
Joshua J. Richman (Bar No. 243147)
jrichman@ipla.com
Benjamin S. White (Bar No. 279796)
bwhite@ipla.com

**IPLA, LLP**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
Tel: 858-272-0220
Fax: 858-272-0221

Attorneys for Plaintiff
Backcountry.com, LLC

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BACKCOUNTRY.COM, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BACKCOUNTRY DENIM CO, LLC, a California Limited Liability Company, Jordan Phillips, an Individual,<br><br>Defendants. | **CASE NO:**<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1);**<br>**(2) FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a);**<br>**(3) FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c);**<br>**(4) VIOLATION OF CAL. BUS. & PROF. CODE § 17200;**<br>**(5) STATE COMMON LAW TRADEMARK INFRINGEMENT; AND**<br>**(6) COMMON LAW UNFAIR COMPETITION;**<br>**(7) CANCELLATION OF TRADEMARK (U.S. REG. NO. 5325293)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Backcountry.com, LLC ("Backcountry") brings this Complaint against Defendants BACKCOUNTRY DENIM CO, LLC. ("BDCO") and Jordan Phillips ("Mr. Phillips") for injunctive relief and damages under the laws of the United States and the State of California.

**NATURE OF THE CASE**

1. This is an action for violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), 1125(c) violation of the California statutory law of unfair competition, Cal. Bus. & Prof. Code § 17200, and California common law trademark infringement, passing off, and unfair competition.

**THE PARTIES**

2. Backcountry is a Delaware limited liability company with its principal place of business in Park City, Utah.

3. On information and belief, Defendant BDCO is a California limited liability company with a principal place of business in Mill Valley, California.

4. On information and belief, Defendant Mr. Phillips is an individual residing in Mill Valley, California.

5. Defendants BDCO and Mr. Phillips are hereinafter collectively referred to as "Defendants".

6. On information and belief, the actions alleged herein have been undertaken by Defendants, were undertaken by each Defendant individually, were actions that each Defendant caused to occur, authorized, controlled, directed, or had the ability to authorize, control, or direct, and/or were actions in which each Defendant assisted, participated, or otherwise encouraged, and are actions for which each Defendant is liable. Each Defendant aided and abetted the actions of the Defendants set forth below, in that each Defendant had knowledge of those actions, provided assistance and benefitted from those actions, in whole or in part. Each of the Defendants was the agent of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of each and every one of the other Defendants.

**JURISDICTION**

7. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051,

*et seq.*, particularly under 15 U.S.C. §§ 1114 and 1125, as well as state unfair competition law and the common law of trademark infringement, passing off, and unfair competition. This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121, and 1125. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1367(a) and 1338(b), those claims being joined with a substantial and related claim under the trademark laws of the United States and so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

8. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants are either incorporated in the state of California and maintain a principal place of business, and/or reside in this judicial district, and a substantial part of the events and/or omissions giving rise to Backcountry's claims occurred in this judicial district.

## VENUE

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) because, on information and belief, Defendants are either incorporated in the state of California and maintain a principal place of business, and/or reside in this judicial district, a substantial part of the events and/or omissions giving rise to the claim occurred in this judicial district, and Defendants are otherwise subject to the Court's personal jurisdiction with respect to this action.

## INTRADISTRICT ASSIGNMENT

11. This being an Intellectual Property Action, the Court's General Order 44 and Assignment Plan provides for assignment of this Action on a district-wide basis. This action should be assigned to the San Francisco Division because a substantial part of the events or omissions which give rise to the claims herein occurred in Marin County, and a substantial part of the property that is the subject of the action is situated in Marin County. In addition, Defendants reside in and are located in Marin County.

## FACTUAL ALLEGATIONS

### Backcountry's Trademark Rights

10. Backcountry is a prominent and well-known retailer and manufacturer of a wide variety of outdoor products, sporting goods, ski products, cycling gear, apparel, and related goods.

3   CASE NO.: _____
**COMPLAINT**

1    11.    Backcountry has used its BACKCOUNTRY and BACKCOUNTRY-formative trademarks, or marks so similar that they have the same commercial impression (collectively, the "Backcountry Marks"), in connection with the retail sale of a wide variety of outdoor products, sporting goods, ski products, cycling gear, apparel, and related goods since at least as early as 1996 (the "Backcountry Services").

12.   Since at least as early as 2004, Backcountry has manufactured, distributed, and sold outdoor products, sporting goods, apparel, and related goods under the Backcountry Marks (the "Backcountry Goods"). Hereinafter, the Backcountry Goods and Backcountry Services will be referred to collectively as the "Backcountry Goods and Services."

13.   In addition to its common law rights in the Backcountry Marks, Backcountry owns valid and subsisting trademark applications and registrations for the Backcountry Marks in the United States and worldwide. In particular, Backcountry owns the following relevant US trademark registrations (the "Backcountry Registrations"):

| MARK | REG. DATE | GOODS/SERVICES |
| --- | --- | --- |
| backcountry.com OUTLET<br>US Reg. No.: 3219427 | Mar 20, 2007 | Class 35: [ Retail store services, mail order services, and ] computerized on-line retail store services featuring men's and women's clothing, headwear, footwear, outerwear, eyewear, heart rate monitors, altimeters and accessories, namely, watches and compasses, tote bags, ski equipment, namely, skis, ski boots, ski helmets, ski goggles, ski poles, snowboard equipment, namely, snowboards, snowboard bindings, snowboard boots, snowboard helmets, snowboard gloves, snowshoes, avalanche safety equipment, namely, avalanche probes, avalanche beacons, and avalanche shovels, other winter accessories, namely, tents, sleeping bags, and sleeping pads, kayaks, canoes, paddles, and related accessories, namely, spray skirts for kayaks, life jackets, dry bags, wall racks for hanging canoes and kayaks, and back rests, camping, hiking, and mountain climbing equipment, namely, climbing harnesses, climbing helmets, bags for storing and hauling climbing ropes, belay and rappel devices, rock-climbing shoes, climbing ropes, carabiners, and |

| | | |
|---|---|---|
| | | chalk and chalk bags for rock-climbing, food and accessories, namely, water purifiers, coolers and bags for food storage, pots, pans, bowls, and eating utensils, luggage and equipment car racks and related accessories, namely, adaptors and attachments for mounting the racks; the dissemination of advertising for others via an on-line electronic communication network; and promoting the goods and services of others by preparing and placing advertisements on a web site access through a global computer network |
| backcountry US Reg. No.: 3243545 | May 22, 2007 | Class 35: Retail store services, mail order services, and computerized on-line retail store services featuring men's and women's clothing, headwear, footwear, outerwear, eyewear, heart rate monitors, altimeters and accessories, tote bags, ski and snowboard equipment, snowshoes, avalanche safety, and other winter accessories, kayaks, canoes, paddles and related accessories, camping, hiking and mountain climbing equipment, food and hiking accessories, luggage, luggage and equipment car racks and related accessories; dissemination of advertising for others via an on-line electronic communication network; and promoting the goods and services of others by preparing and placing advertisements on a web site access through a global computer network |
| **BACKCOUNTRY** US Reg. No.: 4788204 | Aug 11, 2015 | Class 35: Retail store services, mail order services, and computerized on-line retail store services featuring men's and women's clothing, headwear, footwear, outerwear, eyewear, heart rate monitors, altimeters and accessories, tote bags, ski and snowboard equipment, snowshoes, avalanche safety, and other winter accessories, kayaks, canoes, paddles and related accessories, camping, hiking and mountain climbing equipment, food and hiking accessories, luggage, luggage and equipment car racks and related accessories; dissemination of advertising for others via an on-line electronic communication network; and promoting the goods and services of others by preparing and placing advertisements on a web site access through a global computer network. |

14. True and correct copies of the registrations for the above-listed marks are attached

1  hereto and incorporated herein as Exhibit A.

2      15.    As a result of the Backcountry Registrations and continuous use of the Backcountry
3  Marks in connection with the Backcountry Goods and Services, Backcountry owns valid and
4  subsisting federal and common law rights in the Backcountry Marks.

5      16.    Backcountry has invested substantial time, money, and resources in marketing,
6  advertising, and promoting the Backcountry Goods and Services under the Backcountry Marks,
7  and as thereby developed extensive recognition and valuable goodwill in its Backcountry Marks.

8      17.    As a result of widespread use and promotion, the BACKCOUNTRY mark is famous
9  among the general consuming public.

10  <u>Defendant's Business & Infringement</u>

11      18.    Defendant BDCO manufactures and sells clothing goods.

12      19.    On information and belief, the BDCO entity is currently suspended by the Franchise
13  Tax Board for failure to meet tax requirements.

14      20.    On information and belief, Defendant Mr. Phillips is the sole Member of BDCO and
15  is solely responsible for its operation.

16      21.    Defendants own and operate the website [www.backcountrydenim.com](http://www.backcountrydenim.com) (the "BDCO
17  Website"), which is used to market and sell clothing as well as related goods and services
18  (collectively, the BDCO Goods and Services"). Attached hereto as Exhibit B are true and correct
19  copies of screenshots of the BDCO Website.

20      22.    On information and belief, Mr. Phillips individually owns and operates various
21  social media websites, including Facebook, Instagram, and Twitter pages, that market and promote
22  BDCO and the BDCO Goods and Services. Attached hereto as Exhibit C are true and correct copies
23  of screenshots of the BDCO social media websites.

24      23.    Defendants are using the trademarks BACKCOUNTRY, BACKCOUNTRY
25  DENIM, BACKCOUNTRY DENIM CO, and BDCO BACKCOUNTRY DENIM CO, and/or
26  marks so similar that they have the same commercial impression (the "Infringing Marks"), in
27  connection with the advertising, promotion, and sale of the BDCO Goods and Services in the
28  United States and within this judicial district.

6        CASE NO.: _____
**COMPLAINT**

24. Defendants registered/purchased the www.backcountrydenim.com domain on October 13, 2014.

25. BDCO was incorporated in California on July 30, 2015

26. On or around March 16, 2015, Mr. Phillips filed a federal trademark application for BACKCOUNTRY DENIM with the United States Patent and Trademark Office ("USPTO") for Class 25 "Belts; Hats; Jackets; Pants; Shirts" goods (the "Original BDCO Application").

27. On or around June 19, 2015, the USPTO issued an Office Action against the Original BDCO Application due to, among other issues, a likelihood of confusion with three of Backcountry's Registrations, US Reg. Nos. 3219427, 3243545, and 4788204.

28. On or around July 25, 2016, Mr. Phillips contacted Backcountry regarding the Original BDCO Application to discuss the possibility of executing a concurrent use agreement.

29. On or around July 27, 2016, Mr. Phillips agreed to abandon the Original BDCO Application and cease use of the BACKCOUNTRY DENIM mark after discussing the matter with Backcountry.

30. On or around August 29, 2016, Mr. Phillips filed a second federal trademark application for BDCO BACKCOUNTRY DENIM CO with the United States Patent and Trademark Office ("USPTO") for Class 25 "Outdoor clothing, namely, pants, shirts, belts and hats, all made substantially of denim." This application registered on October 31, 2017 (the "BDCO Registration").

31. On or around November 16, 2017, Backcountry filed a Petition for Cancellation against the BDCO Registration (TTAB Cancellation No. 92067330). This matter is still pending.

32. Defendants adopted and began using the Infringing Marks with knowledge of Backcountry's business, the Backcountry Marks, the Backcountry Registrations, and the Backcountry Goods and Services.

33. On information and belief, Defendants' earliest use of the Infringing Marks was on or around March 16, 2015.

**COMPLAINT**

34. Backcountry's trademark rights by virtue of the use of its Backcountry Marks since at least as early as 1996 are senior to any rights that the Defendants may allege to have in the Infringing Marks.

35. Backcountry has not authorized any of the Defendants to use the Infringing Marks or any similar variations.

36. Despite Backcountry's demands, Defendants have continued to use the Infringing Marks.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement – 15 U.S.C. § 1114(1))

37. Backcountry repeats, realleges, and incorporates by reference Paragraphs 1 through 36 as though fully set forth herein

38. Backcountry's trademark rights are senior to any rights that the Defendants may allege to have in the Infringing Marks because the Defendants did not use the Infringing Marks in commerce prior to the filing dates and first dates of use of the Backcountry Registrations and Backcountry Marks.

39. Defendants' unauthorized use of the Infringing Marks in interstate commerce in connection with the BDCO Goods and Services constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

40. Defendants' Infringing Marks are nearly identical to the Backcountry Marks since they either share the dominant first word "BACKCOUNTRY," or begin with the term BDCO which merely stands for "Backcountry Denim Company."

41. Furthermore, the BDCO Goods and Services are identical or highly related to the Backcountry Goods and Services protected under the Backcountry Registrations.

42. Defendants' use of the Infringing Marks in interstate commerce is likely to cause confusion, or to cause mistake, or to deceive consumers of the BDCO Goods and Services and the Backcountry Goods and Services, who are likely to believe erroneously that the BDCO Goods and Services originate from the same source as the Backcountry Goods and Services, or are otherwise affiliated, connected, or associated with Backcountry, or sponsored or approved by Backcountry.

43. Defendants have knowingly and willfully infringed Backcountry's trademark rights with the express intent to trade on the substantial goodwill in the Backcountry Marks.

44. Mr. Phillips is personally liable for these violations of the Lanham Act since he is the owner of record of the BDCO Registration and has directed, controlled, ratified, participated in, and is the moving force behind the improper activity alleged under the First Cause of Action.

45. Backcountry has no adequate remedy at law. Defendants' conduct as alleged herein has caused and, if not enjoined, will continue to cause irreparable harm to Backcountry's rights in the Backcountry Marks and Backcountry Registrations and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time, but will be proven at trial.

46. By reason of the foregoing, Backcountry asserts a claim against Defendants for injunctive and monetary relief pursuant to Sections 32, 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1117.

## SECOND CAUSE OF ACTION

**(Federal Unfair Competition - 15 U.S.C. § 1125(a))**

47. Backcountry repeats, realleges, and incorporates by reference Paragraphs 1 through 46 as though fully set forth herein.

48. Backcountry's trademark rights are senior to any rights that the Defendants may allege to have in the Infringing Marks because Backcountry owns common law trademark rights in the Backcountry Marks in connection with goods and services that are highly similar to the BDCO Goods and Services, that predate the Defendants' first use date of, and any other rights they have in, the Infringing Marks.

49. Defendants' use of the Infringing Marks in interstate commerce, in connection with the BDCO Goods and Services, constitutes trademark infringement and unfair competition against Backcountry's rights in the Backcountry Marks pursuant to 15 U.S.C. § 1125(a)(1)(A).

50. Defendants' Infringing Marks are nearly identical to the Backcountry Marks since they either share the dominant first word "BACKCOUNTRY," or begin with the term BDCO which merely stands for "Backcountry Denim Company."

51. Furthermore, the BDCO Goods and Services are identical or highly related to the Backcountry Goods and Services protected under the Backcountry Registrations.

52. Defendants' use of the Infringing Marks in interstate commerce is likely to cause confusion, or to cause mistake, or to deceive consumers of the BDCO Goods and Services and the Backcountry Goods and Services, who are likely to believe erroneously that the BDCO Goods and Services originate from the same source as the Backcountry Goods and Services, or are otherwise affiliated, connected, or associated with Backcountry, or sponsored or approved by Backcountry.

53. Defendants have knowingly and willfully infringed Backcountry's trademark rights with the express intent to trade on the substantial goodwill in the Backcountry Marks.

54. Mr. Phillips is personally liable for these violations of the Lanham Act since he is the owner of record of the BDCO Registration and has directed, controlled, ratified, participated in, and is the moving force behind the improper activity alleged under the Second Cause of Action.

55. Backcountry has no adequate remedy at law. Defendants' conduct as alleged herein has caused and, if not enjoined, will continue to cause irreparable harm to Backcountry's rights in the Backcountry Marks and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time, but will be proven at trial.

56. By reason of the foregoing, Backcountry is entitled to damages and injunctive relief against the Defendants.

## THIRD CAUSE OF ACTION

**(Federal Trademark Dilution in Violation of 15 U.S.C. §1125(c))**

57. Backcountry repeats, realleges, and incorporates by reference Paragraphs 1 through 56 as though fully set forth herein.

58. The Backcountry Goods and Services offered under the Backcountry Marks have been used and/or consumed by millions of people and have been the subject of significant third-party media coverage, extensive sales, advertising, and promotion. Specifically, Backcountry's BACKCOUNTRY mark is famous among the general consuming public and became famous before Defendants' first use of the Infringing Marks. As a result, Defendants' use of the Infringing Marks causes, or will likely cause, dilution of the distinctive quality of the BACKCOUNTRY mark with

1  consequent damage to Backcountry and the public.

2  59. Defendants' conduct alleged herein has been undertaken willfully and maliciously,
3  and with full knowledge and intent to trade on the goodwill in the BACKCOUNTRY mark.

4  60. Mr. Phillips is personally liable for these violations of the Lanham Act since he is
5  the owner of record of the BDCO Registration and has directed, controlled, ratified, participated
6  in, and is the moving force behind the improper activity alleged under the Third Cause of Action.

7  61. By reason of the foregoing, Backcountry is entitled to damages and injunctive relief
8  against Defendants.

## FOURTH CAUSE OF ACTION

**(California Statutory Unfair Competition – Cal. Bus. & Prof. Code § 17200, *et seq*.)**

11  62. Backcountry realleges and incorporates by reference Paragraphs 1 through 61 as
12  though fully set forth herein.

13  63. Defendants are making unauthorized commercial uses of Defendants' Infringing
14  Marks, and each of them, in a deliberate, willful, intentional, and wrongful attempt to trade on
15  Backcountry's goodwill, reputation, and financial investments in the Backcountry Marks.

16  64. By reason of Defendants' conduct as alleged herein, Defendants have engaged in
17  unlawful, unfair, and/or fraudulent ongoing business practices in violation of Cal. Bus. & Prof.
18  Code § 17200, et seq.

19  65. As a direct result of Defendants' unfair competition with regard to Defendants'
20  Infringing Marks, and each of them, Defendants have unlawfully acquired, and continue to acquire
21  on an ongoing basis, an unfair competitive advantage and have engaged in, and continue to engage
22  in, wrongful business conduct to Defendants' monetary advantage and to the detriment of
23  Backcountry.

24  66. Defendants' conduct as alleged herein has been undertaken willfully and
25  maliciously, and with full knowledge and in conscious disregard of Backcountry's rights in the
26  Backcountry Marks and Backcountry Registrations.

27  67. Mr. Phillips is personally liable for these violations since he is the owner of record
28  of the BDCO Registration and on information and belief, is the sole owner of BDCO and has


1   commingled BDCO and personal funds and assets.

2     68. Defendants' illegal and unfair business practices are continuing, and injunctive
3   relief pursuant to Cal. Bus. & Prof. Code § 17203 is necessary to prevent and restrain further
4   violations by Defendants.

5     69. This Court has jurisdiction over the subject matter of this claim pursuant to the
6   provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial
7   and related claim under the trademark laws of the United States, and under 28 U.S.C. § 1367.

## FIFTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

10     70. Backcountry realleges and incorporates by reference Paragraphs 1 through 69 as
11   though fully set forth herein.

12     71. Defendants' unauthorized use of Defendants' Infringing Marks, and each of them,
13   constitutes trademark infringement and is likely to cause confusion, deception, and mistake among
14   the consuming public as to the source of, and authorization for, Defendants' Goods and Services
15   sold and/or advertised by Defendants in violation of the common law of the State of California.

16     72. Defendants' conduct as alleged herein has been undertaken willfully and
17   maliciously, and with full knowledge of Backcountry's rights.

18     73. Mr. Phillips is personally liable for these violations since he is the owner of record
19   of the BDCO Registration, and on information and belief, is the sole owner of BDCO and has
20   commingled BDCO and personal funds and assets.

21     74. As well as harming the public, Defendants' conduct as alleged herein has caused
22   and will continue to cause Backcountry irreparable harm for which there is no adequate remedy at
23   law, and is also causing damage to Backcountry in an amount which cannot be accurately computed
24   at this time but will be proven at trial.

25     75. This Court has jurisdiction over the subject matter of this claim pursuant to the
26   provisions of 28 U.S.C. § 1338(b), this being a claim of infringement joined with a substantial and
27   related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

28

## SIXTH CAUSE OF ACTION

**(California Common Law Passing Off and Unfair Competition)**

76. Backcountry realleges and incorporates by reference Paragraphs 1 through 75 as though fully set forth herein.

77. By virtue of their conduct as alleged herein, Defendants have engaged and are engaging in passing off and unfair competition under the common law of the State of California.

78. Mr. Phillips is personally liable for these violations since he is the owner of record of the BDCO Registration, and on information and belief, is the sole owner of BDCO and has commingled BDCO and personal funds and assets.

79. As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Backcountry irreparable harm for which there is no adequate remedy at law, and is also causing damage to Backcountry in an amount which cannot be accurately computed at this time but will be proven at trial.

80. Defendants' actions were undertaken intentionally to obtain an unfair advantage over Backcountry and in conscious disregard of Backcountry's rights, and were malicious, oppressive, and/or fraudulent.

81. Backcountry requests punitive or exemplary damages pursuant to California Civil Code § 3294(a) in an amount sufficient to punish and deter Defendants and to make an example of them.

82. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of passing off and unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

## SEVENTH CAUSE OF ACTION

83. Backcountry realleges and incorporates by reference Paragraphs 1 through 82 as though fully set forth herein.

84. Mr. Phillips is the owner of record for the BDCO Registration (U.S. Reg. No. 5325293) on the Principal Register in connection with "outdoor clothing, namely, pants, shirts,

belts and hats, all made substantially of denim" in International Class 25.

85. Backcountry's trademark rights are senior to any rights that Mr. Phillips may allege to have in the BDCO Registration because, on information and belief, Mr. Phillips did not use the BDCO BACKCOUNTRY DENIM CO mark in commerce for the goods claimed in the BDCO Registration prior to the filing dates and/or first use in commerce dates of the Backcountry Registrations and Backcountry Marks.

86. Backcountry's trademark rights are senior to any rights that Mr. Phillips may allege to have in the BDCO BACKCOUNTRY DENIM CO mark or the BDCO Registration because Backcountry owns common law trademark rights to the Backcountry Marks, in connection with goods and services that are either identical or highly related to the goods claimed in the BDCO Registration, that predate the filing date of the BDCO Registration.

87. The BDCO BACKCOUNTRY DENIM CO mark is confusingly similar to the Backcountry Marks in both appearance and commercial impression. BACKCOUNTRY is the dominant portion of the BDCO BACKCOUNTRY DENIM CO mark since "BDCO" merely stands for "Backcountry Denim Company" and "DENIM" and "CO" are merely descriptive of the goods and services offered under the mark.

88. Furthermore, the goods claimed in the BDCO Registration are either highly similar or closely related to the goods and services claimed in the Backcountry Marks and Backcountry Registrations. Also, the goods claimed in the BDCO Registration are either highly similar or closely related to the goods and services that Backcountry actually offered in Unites States commerce in connection with the Backcountry Marks prior to the filing date of the BDCO Registration.

89. Mr. Phillips had constructive knowledge and, on information and belief, actual knowledge, of Backcountry's trademark rights in and to the Backcountry Marks and Backcountry Registrations before he filed the application that matured to the BDCO Registration.

90. The continued registration of the BDCO Registration in connection with the claimed goods is likely to cause confusion or mistake, to deceive, or to create the false impression that the claimed goods are provided by, related to, endorsed by, or associated with Backcountry, and will otherwise cause injury to Backcountry and to Backcountry's rights in the Backcountry

Marks and Backcountry Registrations, in violation of Lanham Act §2(d), 15 U.S.C. 1052, with consequent damage to Backcountry and the public.

91. Backcountry hereby requests that the Court enter an order cancelling the BDCO Registration (U.S. Reg. No. 5325293) (BDCO BACKCOUNTRY DENIM CO) pursuant to Lanham Act Section 38, 15 U.S.C. §1119, and 15 U.S.C. §1064.

## PRAYER FOR RELIEF

WHEREFORE, Backcountry demands judgment against Defendants, as follows:

A. That the Court enter a finding that Defendants' use of the Infringing Marks infringes on Backcountry's rights in the Backcountry Marks and Backcountry Registrations;

B. That the Court enter a preliminary injunction and a permanent injunction prohibiting Defendants, as well as their officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with Defendants from:

    i. Using Defendants' Infringing Marks in connection with any of the BDCO Goods and Services and Backcountry Goods and Services in California and throughout the United States;

    ii. Infringing any of Backcountry's intellectual property rights in the Backcountry Marks and Backcountry Registrations;

    iii. Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive members of the public to believe that the actions of Defendants or any of their officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with Defendants are sponsored, approved, or licensed by Backcountry, or are in any way connected or affiliated with Backcountry;

    iv. Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words or other symbols,

tending to falsely describe or represent such goods or services as being those of Backcountry, including without limitation the Backcountry Marks;

    v.    Otherwise competing unfairly with Backcountry in any matter; and

    vi.    Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i)-(v) above.

C. That the Court cancel Mr. Phillips' United States Registration No. 5325293 for BDCO BACKCOUNTRY DENIM CO on the Principal Register;

D. That the Court enter a finding that Defendants' actions were willful, deliberate, and malicious;

E. That the Court award Backcountry damages in accordance with applicable law, including without limitation three times the amount of any and all profits realized by Defendants from the use of the Infringing Marks in accordance with 15 U.S.C. § 1117(a);

F. That the Court award Backcountry punitive damages in an amount sufficient to punish and deter Defendants;

G. That the Court find that this is an exceptional case and award Backcountry its reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a) and/or California law;

H. That the Court retain jurisdiction of this action for the purpose of enabling Backcountry to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

I. For such other and further relief as the Court may deem just and equitable.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Backcountry hereby demands a trial by jury.

.

DATED:  March 12, 2019          Respectfully submitted,

IPLA, LLP
By:

*/s/ John M. Kim*

John M. Kim
jkim@ipla.com
**IPLA, LLP**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
Tel: 858-272-0220
Fax: 858-272-0221

Attorneys for Plaintiff
Backcountry.com, LLC